**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KELVIN WELLS** | **CIVIL ACTION** |
| **VERSUS** | |
| **MICHAEL ASTRUE, ET AL** | **NO. 10-729-B-M2** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, June 13, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**KELVIN WELLS**                                                                            **CIVIL ACTION**

**VERSUS**

**MICHAEL ASTRUE, ET AL**                                              **NO. 10-729-B-M2**

**MAGISTRATE JUDGE'S REPORT**

This matter is before the Court on the Motion to Dismiss Action as Frivolous (R. Doc. 15) filed by defendant, Michael J. Astrue, Commissioner of Social Security ("Commissioner"). Plaintiff, Kelvin Wells ("Wells"), has filed an opposition (R. Doc. 16) to the Commissioner's motion.

**FACTS & PROCEDURAL BACKGROUND**

Wells applied for disability insurance benefits under Title II of the Social Security Act and for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act in November 2000, claiming that he had been disabled since June 1999 due to limitations and pain in his cervical and lumbar spine and left knee and due to an adjustment disorder with a depressed mood. His application for benefits was denied. Following review by an administrative law judge ("ALJ") and the administrative Appeals Council ("Appeals Council"),[1] Wells filed suit in this Court on June 19, 2003 for judicial review and appeal of the final administrative decision of the Commissioner. *See*, Civil Action No. 03-485-D-M1 ("*Wells I*"). On May 28, 2004, the Court remanded his case for further administrative

---

[1] It was ultimately concluded by an ALJ that Wells was not disabled. At step two, the ALJ determined that the plaintiff's severe combination of impairments were degenerative disc disease of the cervical and lumbar spine, herniated discs at L4-5 and L5-S1, and a left knee strain. The ALJ specifically found that Wells' alleged mental impairment was not severe within the meaning of *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985). The ALJ also concluded that the plaintiff had the residual functional capacity to do light work. He proceeded to the fifth step of the disability analysis and utilized the medical-vocational guidelines that directed a finding under Rule 202.21 that Wells was not disabled.

proceedings relating to his alleged mental impairment.[2]  Wells appealed the Court's judgment to the U.S. Fifth Circuit Court of Appeals, which affirmed the judgment and found no basis in the record to sanction the Commissioner or for an award of benefits rather than a remand.

Upon remand, additional evidence was obtained, and another ALJ hearing was held on January 8, 2007.  The ALJ again denied Wells' application for disability on May 25, 2007.  Wells administratively appealed the ALJ's decision to the Appeals Council, which denied review on November 9, 2007 and thereby made the ALJ's determination the final decision of the Commissioner.  Wells appealed his case a second time to this Court on November 21, 2007.  *See*, Civil Action No. 07-889-C-M2 ("*Wells II*").[3]  In response to Wells' appeal, the Commissioner filed a 903-page certified administrative record, as required by 42 U.S.C. §405(g), and later discovered three (3) missing pages that were, respectively, a blank page, a doctor's bill, and a page from a hearing transcript containing the vocational expert's testimony.  The Commissioner prepared a Supplemental Certification containing

---

[2] The Court found that additional evidence and evaluations were needed to determine the nature and severity of Wells' alleged mental impairment because the record, as it existed at the time, contained "unresolved issues and conflicting evidence regarding the plaintiff's mental impairment that preclude[d] an immediate award of benefits." *See, Wells I*, R. Doc. 30, pp. 8-9.  The Court went on to find that the record did not support a finding that the Commissioner's actions, in failing to fully consider Wells' claim for benefits relating to his mental impairment, was intentional, in bad faith, or in violation of Wells' rights to due process or equal protection.  *Id.*, pp. 9-10.  The Court found that Wells' conclusory assertions that his constitutional rights had been violated did not present a colorable constitutional claim nor did they support an immediate award of benefits.  *Id.*, p. 10.

[3] In his appeal, Wells asserted the following alleged errors by the ALJ:  (1) that the ALJ failed to consider all the medications he took and their side effects and failed to inform the vocational expert of that evidence; (2) that the ALJ ignored some of the plaintiff's medical conditions as they relate to the ability to perform substantial gainful activity in the workplace; (3) that the ALJ conducted a full review and rehearing that was not authorized by the district court or the Court of Appeals and failed to address the areas included in the district court's remand order of *Wells I*; (4) that the ALJ failed to prove that there are other jobs the plaintiff is able to do; and (5) that the ALJ acted in bad faith and denied Wells due process and equal protection under the law.

the missing pages, but in June 2009, Magistrate Judge Riedlinger issued a Report and Recommendation concerning Wells' appeal prior to the administrative record being supplemented with the three (3) inadvertently omitted documents. Magistrate Riedlinger also reviewed new evidence submitted by Wells and declined to include it.[4] The day after the Report and Recommendation was issued, Wells filed an objection, citing the three (3) pages missing from the administrative record. On August 10, 2009, the district judge issued a judgment adopting Magistrate Riedlinger's recommendation, affirming the agency's denial of Wells' disability application, and dismissing Wells' suit.

Wells appealed this Court's decision to the Fifth Circuit and filed two motions for relief from judgment. In March 2010, the district judge reviewed the three (3) pages that were missing from the administrative record and concluded that they did not warrant relief from judgment, denying Wells' motions. The Fifth Circuit also affirmed this Court's decision dismissing *Wells II* on August 26, 2010.[5]

On November 6, 2009, Wells filed another action in this Court again seeking, among

---

[4] Magistrate Riedlinger concluded that: (1) sufficient evidence supported the Commissioner's determination that Wells could work; (2) that the Commissioner did not ignore evidence of Wells' medications and their side effects or any other medical conditions; (3) that the Commissioner complied with the terms of remand; (4) that Wells failed to show that the Commissioner violated his right to due process or equal protection; and (5) no new evidence offered by Wells justified a remand under 42 U.S.C. §405(g), as it was all immaterial.

[5] In his appellate brief, Wells asked the Fifth Circuit to reverse the denial of his benefits and to order an immediate payment of benefits and sanctions. In his request for sanctions, his brief focused on his allegation of bad faith tactics by the Commissioner. Although Wells' arguments of bad faith were not clear on appeal, the Fifth Circuit noted that Wells' arguments of bad faith in a motion for reconsideration filed with the district court were based upon the fact that several pages of the administrative record had allegedly been intentionally omitted by the Commissioner. After reviewing the record, however, the Fifth Circuit concluded that the district court did not clearly err in determining that the Commissioner's omission was accidental. *See*, R. Doc. 40, p. 4. Relative to the Commissioner's denial of benefits, the Fifth Circuit noted that the ALJ had concluded that Wells could perform jobs that exist in significant numbers in the national economy and had denied Wells' claim for benefits on that basis; the Fifth Circuit agreed with this Court that sufficient evidence existed in the record to support the ALJ's determination. *Id.*, p. 5.

3

other things, to recover benefits under his disability application. *See*, Civil Action No. 09-958-D-M1 ("*Wells III*"). In that suit, he named as defendants the Appeals Council, the ALJ who presided over the administrative hearing when his first suit was remanded, and the administrative appeals judge who presided over Wells' appeal during the remanded proceedings. He alleged that the defendants conspired to violate his constitutional due process and equal protection rights by omitting and tampering with test results purportedly required by this Court in its remand of *Wells I* and by purposely keeping records from the judge in *Wells II*. The defendants raised a number of defenses, including insufficient process, insufficient service of process, failure to state a claim upon which relief may be granted, and lack of subject matter jurisdiction. The district judge found that all of those defenses appeared to be meritorious but did not specifically address them because he also found that Wells' claims were subject to dismissal as frivolous pursuant to 28 U.S.C. §1915(e).

Specifically, the district judge, in *Wells III*, concluded that Wells' allegations of constitutional due process and equal protection violations had already been denied in previous suits or were unsupported by the record. As to Wells' contention that the defendants kept medical records and reports from the judge in *Wells I*, the Court noted that the Fifth Circuit had already held that the inconsistencies alleged by Wells were for the Commissioner – and not the courts – to resolve, and that Wells' application had been subsequently remanded, reviewed, and again denied by the Commissioner. Finally, as to Wells' allegation that the defendants ignored and tampered with records in *Wells II*, the Court held that "there was no proof Wells had been denied any process at any point – a finding further supported by the procedural history leading to this case – or treated

4

differently or less favorably than other similarly situated claimants." *See*, *Wells III*, R. Doc. 19, p. 4.  The *Wells III* decision further held that Wells' claim of intentional acts and bad faith on the part of the defendants lacked merit, noting that the record showed that, when the three pages from the 903 page record were determined to be missing, the defendants provided Wells with a corrected version of the record, and the district judge subsequently examined the missing pages before ruling that the omissions did not warrant relief from judgment. *Id.*, p. 4.  All of Wells' allegations in *Wells III* were therefore determined to lack any basis in law or fact and were dismissed.  Wells again appealed to the Fifth Circuit, which granted the defendants-appellees' motion for summary affirmance of this Court's judgment on November 30, 2010.

On October 22, 2010, Wells, proceeding both *pro se* and *in forma pauperis*, filed the present, fourth suit in this Court concerning the same disability application.  In this suit, he names as defendants, the Commissioner of Social Security and the State Department of Children and Family Services, Disability Determinations, State of Louisiana.  In his complaint, Wells again alleges that the defendants violated his due process rights in *Wells II* and in the administrative proceedings prior to that suit by allegedly omitting from the administrative record the medical records ordered by the Court when it remanded *Wells I* and by purportedly omitting from the administrative record filed in *Wells II* approximately 330 pages of documents.  Wells also again alleges that he is physically unable to do any past relevant work because he has no residual functional capacity ("RFC") and that the administrative record in *Wells II* does not include evidence that he can perform jobs available within the market.  On May 19, 2011, the Commissioner filed the present motion, seeking dismissal of this suit on the basis that it is frivolous pursuant to 28 U.S.C.

§1915(e)(2)(b)(1) since Wells' claim for disability and SSI benefits is prescribed, and the additional claims raised in his complaint are duplicative of those asserted in his prior suits and/or have no basis in fact.

## **LAW & ANALYSIS**

Pursuant to the provisions of 28 U.S.C. § 1915(e), this Court is authorized to dismiss an action brought *in forma pauperis* if satisfied that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Cf., Green v. McKaskle*, 788 F.2d 1116 (5th Cir. 1986). An *in forma pauperis* suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Hicks v. Garner*, 69 F.3d 22 (5th Cir. 1995). A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. *Cf., Green v. McKaskle, supra*. Additionally, prescribed claims and allegations that are duplicative of those litigated in a prior suit are properly dismissed pursuant to §1915 as frivolous. *Pittman v. Conerly*, 2010 WL 5298175, **1 (5th Cir. 2010), citing *Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998); *Mayfield v. Collins*, 918 F.2d 560 (5th Cir. 1990); *Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989); *Bailey v. Johnson*, 846 F.2d 1019 (5th Cir. 1988).

The undersigned agrees with the Commissioner that Wells' claim for disability and SSI benefits should be dismissed as frivolous because it is prescribed by the applicable statute of limitations. As discussed above, this matter is Wells' fourth suit seeking judicial review of the Commissioner's determination on November 9, 2007 that he is not entitled to disability and SSI benefits. The limitations period for suits seeking judicial review of such

6

benefits determinations is set forth in Sections 205(g) and (h) of the Social Security Act, which provide the following in pertinent part:

> (g) Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow . . .
>
> (h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter (Emphasis added).

42 U.S.C. §405(g) and (h). Considering that Wells' claim for benefits in this matter stems from a final decision of the Commissioner that was rendered over three (3) years ago,[6] this petition for judicial review was not filed within sixty (60) days of the mailing to him of the notice of such decision and is therefore prescribed under 42 U.S.C. §405(g).

Additionally, Wells' claims that he has no RFC and that the administrative record does not include evidence that he can perform jobs available in the market are duplicative of the claims that he previously asserted and that were fully adjudicated in *Wells II*.[7]

---

[6] Wells confirms in his opposition to this motion that this suit involves his disability application filed in November 2000.

[7] *See, "Plaintiffs Response in Objection to Defendants Memorandum and Dismissal Request,"* R. Doc. 12 of *Wells II*, p. 4 (wherein Wells asserted that "there is no material evidence in the record to support that Claimant has any residual functioning capacity in any past relevant work and any jobs that claimant has access to and where they are in the economy"). In response to that assertion, Magistrate Riedlinger concluded that the administrative record contained substantial evidence supporting the ALJ's determination of Wells' reduced level of RFC as well as substantial evidence supporting the ALJ's decision

Furthermore, his claim that medical records ordered by this Court in its remand of *Wells I* were not included in the administrative record in *Wells II* repeats allegations that were asserted by him and dismissed as frivolous in *Wells III*.[8] [9] Finally, Wells' claim that 330 documents were omitted from the administrative record in *Wells II* has no basis in the record of that action and should likewise be dismissed as frivolous.[10] [11]

---

that Wells was not disabled because he could do "other work," *i.e.*, work that existed in the economy in significant numbers. *See, Wells II*, R. Doc. 21, pp. 13-16.

    *See also*, "Plaintiffs Response to Magistrates Ruling," *Wells II*, R. Doc. 18, p. 1 (again asserting that he had no RFC and no substantial gainful activity for almost a decade); *"Plaintiffs Memorandum in Opposition to Magistrates Report/With Attachments,"* Wells II, R. Doc. 22, p. 3 (asserting that the administrative record did not contain evidence of a significant number of jobs in the market that he could perform).

[8] *See,* Complaint, *Wells III*, R. Doc. 1, p. 2 (where Wells alleged that "[d]efendants purposely kept records (medical) & reports from expert Judges in [ ] to interfere with the orderly administration of Justice & prevent plaintiff from rec[ei]ving social security benefits" and that "[t]est[s] were ordered by District Judge in [*Wells I*], results ignored and tampered"); Opposition to defendants' motion to dismiss, *Wells III*, R. Doc. 18, p. 1 (where Wells alleged that "[d]efendants argued in matter 03-485 [*Wells I*] before this court that there was no malicious intent to tamper with records or engage in abusive litigation tactics . . . the facts show that the commissioner and its agents had opportunity to review the file in this matter and notice any errors in this record . . . they chose to keep the very documents of evaluations ordered by this Court and the Court of appeals out of the record to damage Plaintiffs disability case. Remand under 42 USC §405(g) was tampered with in order t[o] harm plaintiff").

[9] The undersigned agrees with the Commissioner that, although the district judge did not specify whether the dismissal of *Wells III* was with or without prejudice, the dismissal is deemed to have been with prejudice. *See, Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997)(Cases dismissed as frivolous or malicious under the *in forma pauperis* statute, 28 U.S.C. §1915(e)(2), should be deemed to be dismissed with prejudice unless the district court specifically dismissed without prejudice). As a result, the judgment dismissing *Wells III* with prejudice as frivolous has *res judicata* impact upon Wells' claim in this case that medical records ordered by the Court in its remand of *Wells I* were not included in the administrative record of *Wells II*. *Denton v. Hernandez*, 112 S.Ct. 1728, 1734, 504 U.S. 25, 34 (1992); *Sims v. D.E.A.*, 226 F.3d 641 (5th Cir.2000)("[T]he district court's dismissal of such earlier IFP action as frivolous was *res judicata* with respect to the same issues raised in their current IFP action"); *Marts v. Hines,*, 117 F.3d 1504, 1505-06 (5th Cir. 1997); *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

[10] Wells bases his argument that 330 documents were omitted from the administrative record in *Wells II* upon the fact that the record allegedly ended at page 564, but one of the three documents provided to him by the defendants on June 17, 2009, as inadvertently omitted from the administrative record, was numbered page 895. Wells argues that the administrative record filed in *Wells II* consisted of only 564 documents and that the Court therefore did not have access to the entire record at the time that it made its decision. Magistrate Riedlinger, however, in his Report and Recommendation in *Wells II*, specifically referenced the fact that the administrative record in that case contained over 900 pages, and he cited to pages of the record numbering as high as page 903. *See, Wells II*, R. Doc. 21, p. 3, n. 6 and p. 5, n. 15. He also noted, in his Ruling on the Motion for Expedited Review, that the administrative record

8

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that the above-captioned matter be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. §1915(e).

Signed in chambers in Baton Rouge, Louisiana, June 13, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

in *Wells II* exceeded 900 pages. *See, Wells II*, R. Doc. 20. Finally, a copy of the administrative record filed in this action confirms that the record consists of 903 pages. Accordingly, Wells' contention that 330 documents were omitted from the administrative record in *Wells II* and not considered by the Court should be dismissed for lack of any factual basis.

[11] The index to the administrative record, contained in Exhibit A to the Commissioner's present motion, indicates that the first 564 pages of the record concern the administrative proceedings that occurred before the Court's May 2004 remand in *Wells I.* The index further indicates that pages 565-903 of the record relate to the administrative proceedings that occurred after the Court's May 2004 remand.